## (June 11, 1963)

■ JEAN RUCKER, as Guardian ad Litem of ROSA HILL, a Mentally Incompetent Person, Respondent, v. FIFTH AVENUE COACH LINES, INC., et al., Appellants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered June 29, 1962, in New York County, upon a verdict rendered at a Trial Term.

Judgment affirmed.

STEUER, J. (dissenting). I do not believe the plaintiff proved a cause of action. The accident resulted from the contact of one of defendant's buses with the plaintiff as she was crossing Lexington Avenue at 112th Street. Plaintiff was unable to testify at the trial and there were no eyewitnesses. Plaintiff had perforce to rely on the testimony of the bus driver. While the jury would be justified in drawing unfavorable inferences from his testimony, they could not base a verdict on anything except the facts he testified to. So it appears without contradiction that, prior to the accident, plaintiff had stopped in the roadway, though on the crosswalk a foot or two nearer the center of the street than the row of cars parked along the curb. At a time when the bus was about 10 feet from the corner and when the traffic lights were red against her, she

elected to cross the street. The bus driver swerved his vehicle to the left and the front of the vehicle passed plaintiff, but contact with the side towards the rear resulted, either from its hitting her or her walking into it. At the time of contact she was at or about the center line of the roadway. The bus was proceeding within the speed limit. These circumstances do not show negligence. The claim that the driver on seeing the plaintiff standing out from the curb should have anticipated that she might at any time have proceeded into the street and hence into the path of his bus, and have slowed down, assumes a rule of conduct utterly at variance with street conditions and, if followed in practice, would undoubtedly so disrupt traffic that the streets would become well nigh unusable for vehicles. It is impossible to move about in this city without recognizing that a great number, if not the majority, of pedestrians wait for a change in the traffic lights not on the sidewalk but in the roadway, at about the point where cars are parked, just as this plaintiff did. If a driver would be obliged to stop or slow down to the extent that he could stop in time, his progress would be so affected at practically every corner he approached that vehicular traffic would be impeded to an intolerable extent. Common experience shows no driver does this. Unless we wish to announce one rule for liability and another, quite different, rule for practical use, the theory of liability in this case cannot stand.

The complaint should have been dismissed.

McNally, Stevens and Eager, JJ., concur in decision; Steuer, J., dissents in opinion in which Rabin, J. P., concurs.

Judgment affirmed, with costs to respondent.